

Carol B. Rowe and Linda A. Rowe
Plaintiffs *in Propria Persona*
10 Tara Dr. Unit 10
Weymouth, Massachusetts 02188

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CAROL B. ROWE EXECUTRIX FOR THE ESTATE OF
ARTHUR ROWE AND LINDA A. ROWE,
    PLAINTIFFS

v.                                                                                      CASE NO.

_____

SETERUS, INC. AND MARK P. HARMON AND
FEDERAL NATIONAL MORTGAGE ASSOCIATION
    DEFENDANTS

_____/

## COUNT I – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Carol B. Rowe, Executrix for the Estate of Arthur Rowe, and Linda A. Rowe, and sue the defendant SETERUS, INC. for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). of the Fair Debt Collection Practices Act.

Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes. Defendant is a debt collector as

defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

## VENUE

The plaintiffs have resided in Hull, Massachusetts, for all times material to this complaint.

The defendant is a non-resident corporation doing business in the State of Massachusetts with its principle place of business at the address of (Box 54420), 1200 West 7th Street, Suite 12-200, Los Angeles, CA  90017, for all times material to this complaint.

## PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in ~~Hull~~ PLYMOUTH County, Massachusetts, a true and correct copy of which is attached.

Plaintiff's predecessor entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

Each plaintiff is the successor in interest by inheritance from the Estate of Arthur Rowe as the mortgagor in a trust deed that was dated for November 22nd 2008, in Plymouth County, Massachusetts, in the amount of $280,000. The deed

secured the payment of a promissory note made payable to HSBC MORTGAGE CORPORATION, the lender stated on the trust deed. No trustee was named in the mortgage.

The defendant knew and had reason to know that the purported default had been satisfied by payment from a bank owned life insurance policy (BOLI) in which the owner of the note and trust deed was the insured or beneficiary, and that upon the death of the owner Arthur Rowe, the trust deed was paid in full under the terms of the policy.

### ALLEGATIONS

Each and everyone of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

The plaintiffs were served with notices of default and sale on the date of May 25th 2016 which is when they each first became aware of the matter.

The defendant had knowledge and reason to know that the owner or assignee of the trust deed and note had received a disbursement from a life insurance policy held for the deceased that paid the purported claim in full, including the trust deed and all related amounts. A true and correct copy of the death certificate is attached with Exhibit A.

This is a "BOLI" policy held by virtue of Title 12 USC 24, reported as an asset under the category of "other asset", using the accounting standards of the Financial Accounting Standards Board, Technical Bulletin 85-4.

The defendant falsely represented to the State of Massachusetts and to the plaintiffs that it had the right to foreclose, and failed or refused to disclose the fact that the debt had been paid from the BOLI and that there was no legal right to foreclose as there was no outstanding debt or default under which the foreclosure took place.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple

violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT II – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Carol B. Rowe, Executrix for the Estate of Arthur Rowe, and Linda A. Rowe, and sue the defendant MARK P. HARMON for penalties and actual damages for unfair and deceptive collection practices in

violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). of the Fair Debt Collection Practices Act.

Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes. Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

## VENUE

The plaintiffs have resided in Hull, Massachusetts, for all times material to this complaint.

The defendant is an individual doing business in the State of Massachusetts with his principle place of business at the address of 150 California Street, Newton, MA 02458, for all times material to this complaint.

## PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Plymouth County, Massachusetts, a true

and correct copy of which is attached.

Plaintiff's predecessor entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

Each plaintiff is the successor in interest by inheritance from the Estate of Arthur Rowe as the mortgagor in a trust deed that was dated for November 22nd 2008, in Plymouth County, Massachusetts, in the amount of $280,000. The deed secured the payment of a promissory note made payable to HSBC MORTGAGE CORPORATION, the lender stated on the trust deed. No trustee was named therein

There were no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

The defendant knew and had reason to know that the purported default had been satisfied by payment from a bank owned life insurance policy (BOLI) in which the owner of the note and trust deed was the insured or beneficiary, and that upon the death of the owner Arthur Rowe, the trust deed was paid in full under the terms of the policy.

## ALLEGATIONS

Each and everyone of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

The plaintiffs were served with notices of default and sale on the date of May 25th 2016 which is when they each first became aware of the matter.

The defendant had knowledge and reason to know that the owner or assignee of the trust deed and note had received a disbursement from a life

insurance policy held for the deceased that paid the purported claim in full, including the trust deed and all related amounts. A true and correct copy of the death certificate is attached with Exhibit A.

This is a "BOLI" policy held by virtue of Title 12 USC 24, reported as an asset under the category of "other asset", using the accounting standards of the Financial Accounting Standards Board, Technical Bulletin 85-4.

The defendant falsely represented to the State of Massachusetts and to the plaintiffs that it had the right to foreclose, and failed or refused to disclose the fact that the debt had been paid from the BOLI and that there was no legal right to foreclose as there was no outstanding debt or default under which the foreclosure took place.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

page_8

1692k(a)(2)(A);

    B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

    C. An award of actual damages;

    D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT III – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Carol B. Rowe, Executrix for the Estate of Arthur Rowe, and Linda A. Rowe, and sue the defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). of the Fair Debt Collection Practices Act.

Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes. Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

## VENUE

The plaintiffs have resided in Plymouth, Massachusetts, for all times material to this complaint.

The defendant is a non-resident, federally chartered corporation that is now and has been under the conservatorship of the United States agency known as the Federal Housing Finance Agency, and Melvin Luther Watt, as its director, since September 7th 2008, five weeks after the agency was chartered, and that it is now doing business in the State of Massachusetts with his principle place of business at the address of 150 California Street, Newton, MA 02458, for all times material to this complaint.

## PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Norfolk County, Massachusetts, a true and correct copy of which is attached.

The defendant is under the conservatorship of the United States because it became insolvent in the mortgage lending industry leading up to the year 2008, yet it and the other defendants claim that it has acquired the rights to the plaintiff's property on or about the date of November 30th 2015.   No such authorization to acquire the plaintiff's property has been given from the conservator and none is known to exist at this time in any system of records cognizable within the State of Massachusetts or the United States.

Plaintiff's predecessor entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred

as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

Each plaintiff is the successor in interest by inheritance from the Estate of Arthur Rowe as the mortgagor in a trust deed that was dated for November 22nd 2008, in Plymouth County, Massachusetts, in the amount of $280,000. The deed secured the payment of a promissory note made payable to HSBC MORTGAGE CORPORATION, the lender stated on the trust deed. No trustee was named in therein.

There were no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

The defendant knew and had reason to know that the purported default had been satisfied by payment from a bank owned life insurance policy (BOLI) in which the owner of the note and trust deed was the insured or beneficiary, and that upon the death of the owner Arthur Rowe, the trust deed was paid in full under the terms of the policy.

## ALLEGATIONS

Each and everyone of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

The plaintiffs were served with notices of default and sale on the date of May 25th 2016 which is when they each first became aware of the matter.

The defendant had knowledge and reason to know that the owner or assignee of the trust deed and note had received a disbursement from a life insurance policy held for the deceased that paid the purported claim in full, including the trust deed and all related amounts. A true and correct copy of the death certificate is attached with Exhibit A.

This is a "BOLI" policy held by virtue of Title 12 USC 24, reported as an asset under the category of "other asset", using the accounting standards of the Financial Accounting Standards Board, Technical Bulletin 85-4.

The defendant falsely represented to the State of Massachusetts and to the plaintiffs that it had the right to foreclose, and failed or refused to disclose the fact that the debt had been paid from the BOLI and that there was no legal right to foreclose as there was no outstanding debt or default under which the foreclosure took place.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

DATED this _8_ day of September, 2016.

*Carol B Rowe*
Carol B. Rowe, Plaintiff
10 Tara Dr. Unit 10
Weymouth, MA 02188
781-340-0724

*Linda Rowe*
Linda A. Rowe, Plaintiff
55 Revere St.
Hull, MA 02045
781-773-1558