UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL B. ROWE and LINDA A. ROWE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 16-11849-FDS |
| SETERUS, INC.; MARK P. HARMON; and ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

**SAYLOR, J.**

This is an action arising out of a mortgage foreclosure. Plaintiffs Carol Rowe and Linda Rowe are the daughters of the property owner, Arthur Rowe, who is now deceased, and who at some point defaulted on his mortgage. They have brought suit against Seterus, Inc., the foreclosing entity; Mark Harmon, an attorney; and Federal National Mortgage Association.

Defendant Harmon has now moved to dismiss the claims against him for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion will be granted.

**I.    Factual Background**

Construing the complaint liberally in favor of the *pro se* plaintiffs, the complaint alleges as follows:

On November 22, 2008, Arthur Rowe executed a mortgage for $280,000 on a property that he owned in Hull, Massachusetts. The mortgage secured a note to HSBC Mortgage

Corporation.

On December 31, 2011, Mr. Rowe died. At some point, Mr. Rowe's loan went into default. At some point, the defendant, Seterus, Inc., began attempting to foreclose on the mortgage.

In May 2016, Carol and Linda Rowe, who appear to be sisters (and daughters of the deceased Mr. Rowe), received notice of their father's default on his mortgage loan and that a foreclosure sale had been scheduled.

## II.     Procedural Background

On September 9, 2016, Carol B. Rowe, both individually and purportedly as executrix for the estate of Arthur Rowe, and Linda A. Rowe commenced this action *pro se*.[1]

The principal issue raised in the complaint is that Seterus proceeded with foreclosure even though it "knew or had reason to know that the purported default had been satisfied by payment from a bank owned life insurance policy (BOLI) in which the owner of the note and the trust deed was the insured of the beneficiary, and that upon the death of the owner Arthur Rowe, the trust deed was paid in full under the terms of the policy."

Defendant Harmon is named in Counts Two and Three, which allege that he violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(4) and (5), 1692g(a) and (b).

## III.    Analysis

There is no allegation that either Carol or Linda Rowe signed the note or mortgage; that either sister owes any money on the mortgage loan; or that anyone has ever attempted to collect any debt from either sister. Accordingly, neither Carol nor Linda Rowe is a "consumer" under

---

[1] The claim brought as executrix of the estate has been dismissed.

the FDCPA, which is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3); *see Coburn v. Gonzales*, 141 F. Supp. 3d 1339, 1343 (S.D. Fla. 2015).[2]

Furthermore, the complaint contains no plausible factual allegations to support an FDCPA claim against Harmon. There is no allegation that Harmon did anything unlawful or improper, or that he was even involved in the foreclosure proceedings against the property.

Finally, the complaint contains no plausible allegations that Harmon threatened anyone with arrest, imprisonment, garnishment, attachment or any other action that could not be legally taken. *See* FDCPA §§ 1692e(4) and (5). Nor is there any allegation of any communication between Harmon and anyone concerning the nature of the debt or disputes over it. *See id.* §§ 1692g(a) and (b).

## IV. Conclusion

For the foregoing reasons, the motion of defendant Mark P. Harmon to dismiss all claims against him for failure to state a claim is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: April 18, 2017                        United States District Judge

---

[2] It is unclear, to say the least, whether either plaintiff (as opposed to the estate of the father) has standing to sue any party named in the complaint.