UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

_____
                                            )
LINDA A. ROWE and CAROL B. ROWE,            )
                                            )
            Plaintiffs,                     )
                                            )
     v.                                     )    Civil Action No.
                                            )    16-11849-FDS
SETERUS, INC. and FEDERAL NATIONAL          )
MORTGAGE ASSOCIATION,                       )
                                            )
            Defendants.                     )
_____)


# ORDER CONCERNING SERVICE OF PROCESS

**SAYLOR, J.**

Linda and Carol Rowe filed this action on September 9, 2016, alleging violations of the Fair Debt Collection Practices Act by defendants Seterus, Inc., Mark Harmon, and Federal National Mortgage Association ("Fannie Mae"). Carol Rowe sued both individually and in her capacity as executrix for the estate of Arthur Rowe. On October 26, 2016, this Court issued an order instructing plaintiffs to pay their filing fees or file renewed motions to proceed *in forma pauperis*. The Court also noted that the estate of Arthur Rowe could not proceed either *pro se* or *in forma pauperis*.

On January 3, 2017, the Court dismissed the claims of both Linda Rowe and Carol Rowe in her capacity as executrix without prejudice for failure to comply with the October 26, 2016 order. The Court also issued summonses to Carol Rowe, in her individual capacity, for her to serve on defendants in accordance with Fed. R. Civ. P. 4(m).

On January 27, 2017, Linda Rowe filed a motion for leave to proceed *in forma pauperis*.

On February 15, 2017, Carol Rowe returned an executed summons that had been served

on the office of Robert Mendillo, counsel for defendant Harmon. Nine days later, on February 24, 2017, she also returned an executed waiver of service signed by attorney Richard Demerle from defendants Seterus and Fannie Mae dated December 7, 2016. Although the waiver was executed before the January 3, 2017 order, the Court sees no reason why the executed waiver of service was not effective.[1]

On March 6, 2017, this Court issued an order construing Linda Rowe's January 27, 2017 motion for leave to proceed *in forma pauperis* in part as a motion for reconsideration of its earlier order dismissing her from the action. The Court granted both motions and reinstated Linda Rowe's claims. It also issued summonses for her to serve on defendants in accordance with Fed. R. Civ. P. 4(m).

The following month, on April 18, 2017, the Court dismissed defendant Harmon from the case, noting that the complaint contained "no allegation that [he] did anything unlawful or improper." Despite that, Linda Rowe served a summons and copy of the complaint on Harmon on April 25, 2017. The Court dismissed Harmon from the case a second time on June 19, 2017.

In late April 2017, Linda Rowe attempted service on defendants Seterus and Fannie Mae. However, the summonses were returned unexecuted.

Linda Rowe then attempted to have the U.S. Marshal Service complete service on Seterus and Fannie Mae by serving attorney Demerle on May 24, 2017. The return of service, filed June 5, 2017, states as follows in the "remarks" section: "Attorney Demerle not authorized to accept service on behalf of DEF. Contact Atty Demerle for alternate service instructions (Washington,

---

[1] It appears that defendants construed the Court's January 3, 2017 order as requiring Carol Rowe to issue new summonses. However, nothing in the Federal Rules of Civil Procedure suggests that a waiver of service previously executed by an authorized agent becomes ineffective if, before the waiver is filed with the Court, new summonses are issued for a plaintiff to serve.

DC address)."

Because she still had not completed service, Linda Rowe filed a motion on June 23, 2017, stating "[I] would like to know how I could get [the] summons[es] served from the court." Both Linda and Carol Rowe then moved for the Court to appoint counsel for them on July 5, 2017. The Court denied their motion for an appointed counsel that same day.

On October 5, 2017, the Court issued an order construing the June 23 motion as a request for additional time to complete service. The order specified that the summonses "shall be served by Monday, November 6, 2017." The U.S. Marshal Service then attempted service on attorney Demerle again on November 14, 2017. The return of service, filed on November 16, 2017, indicates that it was served on Julie Rizzo, the office manager of attorney Demerle's firm.

Plaintiff Linda Rowe has now been unable to complete service on defendants Seterus and Fannie Mae for nearly one year. Under Rule 4 of the Federal Rules of Civil Procedure, a defendant located in the United States who fails to waive service, despite being notified of the action and asked by a plaintiff to waive service, will be required to bear the cost of such service unless good cause is shown. Fed. R. Civ. P. 4(d)(2). It is uncertain why attorney Demerle was authorized to execute the waiver of service for defendants Seterus and Fannie Mae with respect to Carol Rowe, but not Linda Rowe. At the very least, defendants' positions appear to have been inconsistent.

Accordingly, defendants are ORDERED to report to the Court in writing on or before December 22, 2017, whether they are willing to have their counsel execute a waiver of service as to the claim of Linda Rowe. If they do not agree to waive service, plaintiff Linda Rowe shall have until January 6, 2018, to effect service on defendants, and defendants may be liable for expenses of service and other fees pursuant to Rule 4(d)(2).

3

**So Ordered.**

Dated: December 8, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge